DUDLEY BAKER, Respondent, v. THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 12, 1890.

1. **Railroads:** FENCING TRACK: TRESPASSING CATTLE. The statute in relation to fencing railroads requires not only that animals shall be fenced off the track, but also that they may be prevented from trespassing by passing over or under the track, and a railway

company will be liable where cattle may pass through space under a bridge on either side of a branch, which might properly have been fenced without injury or obstruction to the stream, and they do pass under the bridge onto a meadow and do injury thereto.

2. ———: ———: OWNER OF CATTLE AND LAND. Whether the owner of the land on both sides of an unfenced railroad, who knowingly turns his cattle on the pasture side, can recover for the inevitable injury to his crop on the other side, is not raised in this case.

*Appeal from the Livingston Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*E. J. Broaddus*, for appellant.

(1) The appellant was not required to fence the stream in question. R. S. 1889, sec. 2543, p. 639. (2) Section 2611, page 659, Revised Statutes of Missouri, 1889, does not require the right of way to be fenced, but the "railroad." "It is not the right of way which the law requires to be fenced, but its road." See opinion of Judge SMITH in *Emerson v. Railroad*, 35 Mo. App. 627. (3) The statute is penal and must be strictly construed. See *Revelle v. Railroad*, 74 Mo. 438.

*R. A. DeBolt*, for respondent.

(1) Railroad corporations are required to fence their tracks for two purposes: One to prevent stock from "getting" on the track, the other to prevent stock from trespassing upon the crops in adjoining fields, and double damages are given to the owners of the fields suffering from trespass of stock by reason of any failure to fence the road. *Silver v. Railroad*, 78 Mo. 528, 532, 533, 534. These authorities also require the road to be fenced for the security of the traveling public. (2) Belshe's cattle being in the pasture of respondent by his consent and express agreement, appellant is liable

for all damages done by those cattle passing over the right of way into the meadow and destroying the grass. *Harrinton v. Railroad*, 71 Mo. 385; *Berry v. Railroad*, 65 Mo. 175; *Smith v. Railroad*, 25 Mo. App. 115; *Ferris v. Railroad*, 30 Mo. App. 124: Also see the evidence of Dudley Baker, the respondent, on page 6 of appellant's brief.

ELLISON, J.—This action is for double damages and arises under section 809, Revised Statutes, 1879. The defendant's road passes through plaintiff's field. He has a pasture on one side and a meadow on the other. A stream called Black Oak branch runs through the land and is crossed by the railroad in his field. The right of way is fenced up to the ends of the bridge over the branch; the bridge being about one hundred and fifty feet long. Cattle passed from the pasture under the bridge onto the meadow and did the injury complained of.

I. Without going into the question whether the railway company was liable to an action for damages resulting from not fencing across the channel of the stream proper, which was only from ten to fifteen feet wide, and leaving that out of consideration, it yet appears from the testimony that there was space under the bridge, on either side of the branch, which might properly have been fenced without injury or obstruction to the stream. We do not agree to the proposition that a railroad company need only erect such fences as will keep animals *off of the track*. If such was the law, the depressions to be found in all level fields and over which the railroad builds bridges or trestle work need not be fenced. The true interpretation of the statute is that it requires not only that animals shall be fenced off the track, but also that they may be prevented from trespassing by passing over or under the track, where it may be fenced.

II. The question whether where the plaintiff owns the land on both sides of an unfenced railroad, one side being cultivated and the other pasture, can knowingly turn his cattle in on the pasture side, and recover for the inevitable injury to his crop, was not raised. The judgment is affirmed. All concur.